UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| CLYDE F. WAGNER,<br>       Plaintiff,<br><br>  v.<br><br>WAL-MART STORES, INC,<br>       Defendant. | Case No.  13-cv-03475-NJV<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br>Re: Dkt. No. 7 |

## INTRODUCTION

Plaintiff Clyde F. Wagner filed this action in state court, alleging claims for disability discrimination and failure to accommodate his disability, both in violation of California's Fair Employment and Housing Act ("FEHA"). Defendant Wal-Mart Stores, Inc. removed the action to this court and now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Both parties have consented to this court's jurisdiction. *See* Doc. Nos. 6 & 15. The matter was fully briefed, and the parties appeared for oral argument on September 10, 2013.

For the reasons set forth below, the undersigned will grant Wal-Mart's Motion to Dismiss, without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

**A. First Charge ("Charge No. 1346")**

Wagner filed a charge with the Equal Employment Opportunity Commission ("EEOC") after he was terminated from his employment in June 2011. *See* Doc. No. 8, Ex. A (EEOC Charge

No. 550-2011-01346).[1]  On August 3, 2011, Wagner was advised that Charge No. 1346 was being referred to the California Department of Fair Employment and Housing ("DFEH").  *Id.*, Ex. C.[2]  The DFEH informed Wagner that the EEOC would investigate his allegations, and that the DFEH was closing its case and would not be conducting an investigation into the matter.  *Id*.  The letter stated: "*Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice.*  [Y]ou may bring a civil action under the provisions of the Fair Employment and Housing Act . . . [S]uch a civil action must be brought within one year from the date of this notice.  Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint.  You should consult an attorney to determine with accuracy the date by which a civil action must be filed."  *Id*. (emphasis added).

On September 26, 2012, the EEOC issued a Dismissal and Notice of Rights letter in connection with Charge No. 1346.  Doc. No. 8, Ex. E.  The EEOC informed Plaintiff it was closing its file and informed Plaintiff of his right to sue:  "*This will be the only notice of dismissal and of your right to sue that we will send you*.  You may file a lawsuit against the respondent(s)

---

[1] Plaintiff did not attach to his complaint copies of the EEOC charge, the DFEH right to sue letter, the second DFEH complaint, the second DFEH right to sue letter, or the EEOC right to sue letter. However, Defendant requests that this court take judicial notice of them. *See* Doc. No. 8. Plaintiff does not contest the accuracy of the documents, nor does he oppose the request for judicial notice.  These documents may be judicially noticed.  *See Hughes v. County of Mendocino*, 2011 U.S. Dist. LEXIS 117815, *7 n.1 (N.D. Cal. Oct. 6, 2011) (taking judicial notice of right to sue letters).  Finally, the court may take judicial notice of these documents without converting this motion to dismiss into a motion for summary judgment. *See Van Buskirk v. Cable News Network*, 284 F.3d 977, 980 (9th. Cir. 2002).  For these reasons, the court grants Defendant's request to take judicial notice of Exhibits A-E.  Exhibit F, the Del Norte County Superior Court complaint, is already on file as part of Defendant's Notice of Removal.  *See* Doc. No. 1.

[2] "The EEOC has a work-sharing agreement with the DFEH. The agreement recognizes that the agencies share common goals and jurisdiction. In order to provide individuals with an efficient procedure for obtaining redress for their grievances under the relevant state and federal laws, the two agencies agreed to integrate their procedures to reduce duplication of effort. The EEOC and the DFEH each designated the other as its agent for receiving charges and agreed to forward to the other agency copies of all charges potentially covered by the other agency's statute. The EEOC and the DFEH also agreed each agency would have the initial responsibility for processing certain claims. The responsible agency was to notify the other agency of its final action. Rather than waiting to issue a right-to-sue letter at the end of the EEOC's investigation, the DFEH apparently routinely issues its right-to-sue letter at the time an investigation is deferred to the EEOC under the work-sharing agreement." *Downs v. Department of Water & Power*, 58 Cal.App.4th 1093, 1097 (1997).

under federal law based on this charge in federal or state court.  Your lawsuit must be filed within 90 days of your receipt of this notice; or you right to sue based on this charge will be lost.  (The time for filing suit based on a claim under state law may be different.)" *Id*. (emphasis added).

### B. Second Charge ("Charge No. 6609")

On June 13, 2012, Plaintiff filed a second charge with the DFEH, alleging disability discrimination and failure to provide reasonable accommodation for the disability.  Doc. No. 8, Ex. C (DFEH Charge No. E201112M6609).  Plaintiff informed the DFEH that he wanted to pursue the matter in court and requested a right to sue.  As requested, the DFEH issued Plaintiff a right to sue letter.  *Id*., Ex. D.  The letter states: "This letter informs that the above-referenced complaint . . . has been closed effective June 13, 2012 because an immediate right to sue notice was requested. . . .   This letter is also the Right-to-Sue Notice.  According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of [FEHA]. . . . The civil action must be filed within one year from the date of this letter." *Id*.

### C. This lawsuit

On June 20, 2013, Wagner filed suit in the Del Norte County Superior Court alleging FEHA claims against Wal-Mart.  Doc. No. 1.  Wal-Mart timely removed the action to this court and moved to dismiss it, arguing that Wagner had filed his action after the FEHA and EEOC statutes of limitations had expired.

## LEGAL STANDARD

A complaint may be dismissed for "failure to state a claim for which relief may be granted."  Fed. R. Civ.P. 12(b)(6).  If it is apparent from the face of the complaint that a claim is barred by the statute of limitations, then a dismissal pursuant to Rule 12(b)(6) is appropriate.  *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th. Cir. 2010).

## DISCUSSION

### A. Plaintiff did not timely file his lawsuit.

With respect to Charge No. 1346, Plaintiff argues that his complaint asserting state law claims was filed within one year of receiving the September 26, 2012 EEOC Right-To-Sue Notice.  Doc. No. 14, at 4-5.  The court agrees with Wal-Mart that Wagner did not timely file suit.  The

1  California legislature amended Cal. Gov. Code 12965 in 2002 to add subdivision (d):

> (1) Notwithstanding subdivision (b), the one-year statute of limitations, commencing from the date of the right-to-sue notice by the Department of Fair Employment and Housing, to the person claiming to be aggrieved, shall be tolled when all of the following requirements have been met:
>    (A) A charge of discrimination or harassment is timely filed concurrently with the Equal Employment Opportunity Commission and the Department of Fair Employment and Housing.
>    (B) The investigation of the charge is deferred by the Department of Fair Employment and Housing to the Equal Employment Opportunity Commission.
>    (C) A right-to-sue notice is issued to the person claiming to be aggrieved upon deferral of the charge by the Department of Fair Employment and Housing to the Equal Employment Opportunity Commission.
> **(2) The time for commencing an action for which the statute of limitations is tolled under paragraph (1) expires when the federal right-to-sue period to commence a civil action expires, or one year from the date of the right-to-sue notice by the Department of Fair Employment and Housing, whichever is later.**
> (3) This subdivision is intended to codify the holding in *Downs v. Department of Water and Power of City of Los Angeles* (1997) 58 Cal.App.4th 1093.

The DFEH issued its right to sue notice on August 3, 2011, and the EEOC issued its right to sue notice on September 26, 2012, informing Plaintiff he had ninety days to file a lawsuit. Thus, Plaintiff's right to sue on Charge No. 1346 expired on December 26, 2012, the later of the two dates contemplated under Cal. Gov. Code § 12965(d)(2), and six months before Plaintiff filed his complaint in Del Norte County Superior Court.

    Plaintiff does not dispute that he filed his lawsuit one week after the right to sue deadline had passed on Charge No. 6609.

**B. Plaintiff has not established that equitable tolling is appropriate here.**

    With respect to Charge No. 1346, Plaintiff argues that his lateness should be excused pursuant to the equitable tolling doctrine because he relied in good faith on the DFEH right to sue notice. Plaintiff argues that the "plain meaning" of the notice is that the state cause of action "would be tolled for the entire period of the federal investigation. The implication is that plaintiff has one year from the date of the federal right to sue notice, that is: 9/26/13." *Id*. With respect to Charge No. 6609, Plaintiff asks the court to disregard his lateness because "it is hard to imagine

4

how a one week delay causes any real prejudice to defendant." Doc. No. 14 at 7.

"Three factors determine whether the statute of limitations is equitably tolled in a particular case: (1) timely notice to defendants in filing the first claim; (2) lack of prejudice to defendants in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by plaintiffs in filing the second claim." *Downs*, 58 Cal. App. 4th at 1100. While the first two factors may be satisfied here, the court finds that Plaintiff has not established the third. Plaintiff's *only* support for his position is argument by counsel in the opposition brief that (1) Plaintiff was "mislead" by a DFEH letter, and (2) Wal-Mart has not been prejudiced by his missing the Charge 6609 filing deadline by one week. This is insufficient to establish that equitable tolling applies. *Cf. Anderson v. American Airlines*, 2006 U.S. Dist. LEXIS 34209, *5-*8 (N.D. Cal. Apr. 18, 2006) (denying motion to dismiss ADA claim even though plaintiff missed deadline for filing suit because plaintiff sufficiently alleged she was mislead by EEOC representatives regarding deadline for filing suit). *Anderson* is instructive. In that case, the plaintiff submitted a declaration asserting that she "'had numerous conversations with the EEOC' and that 'one of the EEOC representatives . . . advised me that my lawsuit had to be filed by between October 25 and October 27, 2005, the exact date of which I cannot recall.' Based on this advice, plaintiff did not retain her lawyer until October 2005, well after the statutory deadline had run." *Anderson,* 2006 U.S. Dist. LEXIS 34209 at *6. Plaintiff's counsel's *ex-post facto* argument that he reasonably relied on the DFEH letter does not come close to meeting the specificity of the plaintiff's declaration in *Anderson*. At the hearing, the only explanation Plaintiff's counsel offered for the delay was that he did not see the right to sue notice until he received the file. He did not explain what his client did upon receiving the notice or what actions his client took in reliance upon the notice.

Moreover, the cases Plaintiff cites (*see* Doc. No. 14 at 5) do not support his position that the DFEH letter entitles him to equitable tolling here. *Blumberg v. HCA Mgmt. Co*., 848 F.2d 642, 644 (5th Cir. 1988) and *Hulsey v. Kmart Inc*., 43 F.3d 555, 557 (10th Cir. 1994) cite cases that stand for the general proposition that deceit by a state or federal agency can form the basis for equitable tolling, but they do not actually analyze a case of agency deceit, nor toll deadlines based

5

on the statements of state or federal agencies. *Carlile v. S. Routt Sch. Dist.*, 652 F.2d 981, 986 (10th Cir. 1981) mentions equitable tolling, but otherwise is not on point. Plaintiff acknowledged at the hearing that these cases did not contain any substantive discussion regarding tolling but urged the court to review *Cottrell v. Newspaper Agency Corp.*, 590 F.2d 836 (10th Cir. 1979), which was cited by *Hulsey*, 43 F.3d at 557. *Cottrell* also does not help Plaintiff here, as the Tenth Circuit upheld the dismissal, noting that tolling only applied in very limited circumstances, including where the plaintiff was "actively mislead":

> the allegations of the plaintiff in the case at bar do not rise to the level of active deception which might invoke the powers of equity to toll the limitations period. The notice from the EEOC advised plaintiff in unambiguous terms that his right to sue would be lost if not exercised within ninety days, and in light of this unqualified warning we cannot give force to plaintiff's assertion that he was "lulled" by the notice. If in fact plaintiff was subjectively misled to believe that he could ignore the ninety day period, such a response was not reasonably predictable from the face of the notice and cannot be grounds for tolling the filing period.

*Cottrell*, 590 F.2d at 838-39.

## CONCLUSION

For the reasons stated above, the court finds that Wagner did not timely file his complaint, and did not satisfy his burden of establishing that he is entitled to equitable tolling. Accordingly, the court will grant Wal-Mart's motion to dismiss.

However, courts in these exact circumstances have declined to dismiss plaintiffs' claims with prejudice without giving them the opportunity to establish their good faith and reasonable conduct. *See Hughes*, 2011 U.S. Dist. LEXIS 117815 at *7-*8 (granting motion to dismiss FEHA claim as untimely, without prejudice, "to give plaintiff the opportunity to cure deficiencies pertaining to equitable tolling"); *Villalvaso v. Odwalla, Inc.*, 2011 U.S. Dist. LEXIS 44359, *20-*21 (E.D. Cal. Apr. 25, 2011) (granting motion to dismiss FEHA claims on statute of limitations grounds, with leave to amend in the event plaintiff could state facts to show statute should be equitably tolled); *see also generally Von Saher*, 592 F.3d at 969 (reversing and remanding to district court as it was error to dismiss complaint with prejudice on statute of limitations ground without giving plaintiff opportunity to amend to show lack of reasonable notice and/or diligence,

1  such that claims were not time-barred).  Therefore, the court grants the motion to dismiss with
2  leave to amend.  Wagner may file an amended complaint, consistent with his Rule 11 obligations,
3  setting forth in detail his good faith and reasonable conduct such that the court may evaluate
4  whether equitable tolling is warranted here.  Relevant facts may include what Wagner did upon
5  receiving the three right-to-sue notices, whom he consulted, what he was told, and when he
6  retained an attorney.  *See Anderson*, *supra*.

7  Wagner shall file any amended complaint within twenty days, and Wal-Mart shall have
8  twenty days to respond to the amended complaint.

10  **IT IS SO ORDERED.**

12  Dated: October 16, 2013

_____
NANDOR J. VADAS
United States Magistrate Judge